PEOPLE OF PUERTO RICO, Plaintiff and Appellee, v. VICTORIO Ríos Toledo, Defendant and Appellant.

No. 4239. Argued January 14, 1931.—Decided January 26, 1931.

B. *Esteves* for appellant. R. A. *Gómez* for appellee.

MR. CHIEF JUSTICE DEL TORO delivered the opinion of the Court.

This is a prosecution for carrying a prohibited weapon wherein the defendant was charged with carrying a knife and sentenced to five months in jail. He appealed from the judgment, and in arguing one of the errors assigned in his brief he says:

"(a) The accidental carrying of a weapon or instrument owing to a quarrel between the defendant and another person is not the illegal carrying defined and punished by the law.

"(b) Where a person who quarrels with another in the street suddenly runs to his home, which is almost in front of the place where the quarrel started, to fetch a knife and returns—always running—with the knife in his hand which he uses to wound his waiting adversary, such action may constitute an assault and battery or mayhem; but the carrying of said knife, thus seized incidentally in the heat of the quarrel and carried from so near, in sight of all persons present, is not a violation of the Act prohibiting the carrying of weapons.

"(c) What is penalized by the law is the illegal carrying of the 'prohibited weapon' and not the use made by the defendant of such a weapon.

"(d) Where the carrying of a knife as a *deadly weapon* is charged and the government witnesses themselves describe it as an 'ordinary kitchen knife,' not shaped as a dagger, with a blade 7 or 8 inches long, according to one of the witnesses; from 6 to 6½ inches long, according to another witness; and from 6½ to 7 inches according to still another witness, and said knife was neither seized nor introduced in evidence or properly identified at the trial, any court convicting the defendant of carrying a prohibited weapon and sentencing him to five months jail, which is almost the maximum penalty fixed by the statute, errs and shows passion and prejudice against said defendant."

We agree with the statement contained in paragraph (c). In *People* v. *Díaz*, 37 P.R.R. 426, it was held that: "The illegal carrying and not the illegal use of a weapon is what the law forbids." But the defendant can derive no benefit from this, because his conviction was not for the illegal use of a weapon but for the illegal carrying thereof.

The correctness of the facts premised in paragraph (a) and (b) may be conceded, but not that the inferences and conclusions stated therein are supported by the law and the jurisprudence. If the attendant circumstances here show anything it is that, even for the brief time that it took him to run from his home nearby to the place in the street where he wounded another person, the defendant was carrying, for purposes of offense or defense, a weapon with which bodily injury could be inflicted.

It may also be conceded that the facts as established by the evidence agree with those set forth in paragraph (d), but not that the conclusions reached therein have any basis in the law or the jurisprudence.

A kitchen-knife, which was carried by the defendant in the manner he did in the present case, is clearly one of the weapons or instruments with which "bodily injury may be caused," the carrying of which is prohibited by law.

As to the failure to offer the knife in evidence, it suffices to say that it has been repeatedly held that the seizure of the weapon and its production at the trial are not absolutely necessary for a conviction, if there is other evidence sufficient to show that the defendant actually carried the prohibited weapon. *People v. Nieves,* 35 P.R.R. 49; *People v. Claudio,* 35 P.R.R. 51.

The penalty imposed is within the limits fixed by law. An examination of the record does not show that the judge was moved by passion, prejudice or bias, but that he acted in the exercise of his discretion.

The judgment appealed from must be affirmed.